## No. 6252.

### THE STATE vs. JOSE GRUSO.

Where a party is prosecuted for a crime against nature, the declaration made by the prosecuting witness about the time he was injured and out of the presence of the accused, are *hearsay* and will not be admitted except merely to corroborate the testimony of the witness given on the trial, when that evidence has been impeached.

The *fact* that the witness made complaints about said time may be proved, but the complaints themselves can only be shown in the way of corroboration.

APPEAL from the Superior Criminal Court, parish of Orleans. *Steele,* J. Trial by jury. *Field,* Attorney General, for the State. *Sambola & Ducros,* for defendant.

HOWELL, J. The defendant has appealed from a judgment sentencing him to imprisonment at hard labor for life for the crime against nature. On the trial a bill of exceptions was taken to the ruling of the court permitting the witness, Gaspard, a police officer, to answer the question " What did the prosecuting witness say when he came to the parish prison?" which question was propounded by the State to corroborate the testimony of the prosecuting witness, before it was attacked, and was objected to on the ground that statements made by the prosecutor out of the presence of an accused are simply hearsay evidence, and as such inadmissible; the answer was a repetition of what the prosecuting witness had testified as to the circumstances or particulars of the transaction.

We think the court erred. The fact that the party injured made complaint immediately or soon after may be proven, but the particulars or

circumstances narrated can not be given, except to confirm or corroborate the testimony of such party when impeached. Such statements, out of the presence of the accused, are hearsay, and are admissible at the proper time, as corroborative evidence, to show that the injured party made them just after the occurrence.

Such is the rule in prosecutions for rape, (see 3 Greenleaf 213; Wharton Am. Crim. Law, vol. —, section 1150; Roscoe Cr. W., section 863), and no lighter rule should obtain in the crime in question.

It is therefore ordered that the judgment appealed from be reversed, and the verdict of the jury set aside, and the cause remanded for further proceedings according to law.

Mr. Justice Leonard takes no part in this decree.